# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-1935V

|  |  |
|---|---|
| KATHLEEN BONDI,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 23, 2026 |

*Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Crystal Fialkowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On November 21, 2024, Kathleen Bondi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") after receiving an influenza vaccination on October 9, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 9, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her GBS. On April 23, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $165,915.87, which is comprised of the following elements: $130,000.00 for pain and suffering, $31,925.11 for past lost wages, $3,955.76 for past unreimbursable expenses, and $35.00 for future medical care expenses. Proffer at 2. In the Proffer, Respondent represented that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $165,915.87, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| KATHLEEN BONDI, | |
| Petitioner, | |
| v. | No. 24-1935V |
| | Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ECF |
| Respondent. | |

**PROFFER ON AWARD OF COMPENSATION[1]**

On November 21, 2024, Kathleen Bondi ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to her on October 9, 2023.  Petition at 1.  On June 20, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury.  ECF No. 18.  On July 9, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 20.

## I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A.  Pain and Suffering

Respondent proffers that petitioner should be awarded **$130,000.00** in pain and suffering

damages.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.  Lost Earnings

Evidence supplied by petitioner documents that she incurred lost earnings related to her

vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in

the amount of **$31,925.11**.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

C.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable

expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of **$3,955.76.**  *See* 42 U.S.C. § 300aa-

15(a)(1)(B).  Petitioner agrees.

D.  Future Medical

Respondent proffers that the Court should award petitioner a lump sum of **$35.00** in

future medical care expenses.  *See* 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.     **Form of the Award/Recommended Payments**

 The parties recommend that compensation provided to petitioner should be made

through a lump sum payment, as described below, and request that the Chief Special Master's

decision and the Court's judgment award the following:[2]

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future
medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the
right to move the Court for appropriate relief.

A lump sum payment of **$165,915.87** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Kathleen Bondi.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA COLLISON
Assistant Director
Torts Branch, Civil Division

/s/ Crystal Fialkowski
CRYSTAL FIALKOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 307-0786
Crystal.Fialkowski@usdoj.gov

Date: April 23, 2026

<u>CERTIFICATE OF SERVICE</u>

I certify that today, April 23, 2026, a copy of the foregoing pleading will be served by electronic mail to Meredith Daniels at mdaniels@ccandh.com.

<u>s/ Crystal Fialkowski</u>

4